UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLARENCE DAVIS, SR. (#104410)**                    **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, WARDEN, ET AL.**                    **NO. 06-0668-D-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 27, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLARENCE DAVIS, SR. (#104410)**                                   **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, WARDEN, ET AL.**                                   **NO. 06-0668-D-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate previously confined at Dixon Correctional Center ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against DCI Warden James LeBlanc and DCI Captain Riley Palmer, alleging that his constitutional rights were violated by the refusal of prison officials to allow the plaintiff to receive through the mail his religious newspaper, The Final Call. The plaintiff did not pray for monetary damages, but only for "all equitable relief he may be entitled [to]."

On January 22, 2008, the undersigned Magistrate Judge recommended dismissal of the plaintiff's action for the reason that the plaintiff had failed to name a defendant with personal responsibility or authority to address or respond to the plaintiff's claim for injunctive relief. See rec.doc.no. 28. By Ruling and Order dated March 11, 2008, rec.doc.no. 32, the District Judge approved and adopted this conclusion, granted the defendants' motion for summary judgment, and dismissed the plaintiff's claims against the named defendants. The District Judge also allowed the plaintiff an additional period of twenty (20) days from the date of the Order "to amend his complaint to name the proper party defendant," specifically, "the Warden at his current place of incarceration." The Court's Order specifically advised the plaintiff that his failure to

timely move to amend his Complaint and to name additional defendant(s) would result in dismissal of the plaintiff's cause of action.

On March 19, 2008, the plaintiff filed an "Amended Complaint" wherein he did no more than assert the original basis for his claim, rec.doc.no. 36.  In this pleading, the plaintiff made no attempt to amend his Complaint to name any defendant other than those initially named in the original Complaint.  He specifically failed to name the warden at his then place of incarceration as instructed in the Court's Ruling.

Based upon the foregoing, the Court finds that the plaintiff has failed to comply with the Court's Order which granted him leave to amend his Complaint to rectify his failure "to sue the proper party relative to his claims."  Accordingly, for the reasons stated in the initial Magistrate Judge's Report and Recommendation, rec.doc.no. 28, it appears that the plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed for the reasons stated in the initial Magistrate Judge's Report and Recommendation, rec.doc.no. 28.

Signed in chambers in Baton Rouge, Louisiana, October 27, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**